1 | **MICHAEL N. FEUER**, City Attorney - SBN111529x
**THOMAS H. PETERS,** Chief Assistant City Attorney
2 | **CORY M. BRENTE,** Assistant City Attorney
**DENISE C. ZIMMERMAN**, Deputy City Attorney - SBN 191992
3 | denise.zimmerman@lacity.org
200 North Main Street, 6th Floor, City Hall East
4 | Los Angeles, CA 90012
Phone No.: (213) 978-7032
5 | Fax No.:    (213) 978-8785
6 | *Attorneys for Defendants*
**CITY OF LOS ANGELES**
7 |
8 |

### UNITED STATES DISTRICT COURT

### CENTRAL  DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.D., individually and as Successor ln Interest to MOISES DE LA TORRE,deceased, by and through his Guardian Ad Litem, JULIA ALVARADO, PEDRO DE LA TORRE, SR., individually, and OFELIA DE LA TORRE, individually, | Case No.: CV13-6510-JFW (ASx) *[Assigned to Hon. John F. Walter]* *(Complaint Filed: 09-13-13)* |
| | **[PROPOSED]** **PROTECTIVE ORDER** |
| *Plaintiffs,* | ***\*NOTE CHANGES MADE BY THE COURT\**** |
| VS. | |
| CITY OF LOS ANGELES, offica municipal entity, and DOES I thomgh 10, inclusive | |
| *Defendants* | |
| _____ | |

THE PARTIES HAVING STIPULATED TO THE FOLLOWING, this Court

hereby orders as follows:

    1.    The parties may designate as confidential the following:

        [A]    Force Investigation Division ("FID") Reports Including any

                Statements of Police Personnel Associated with any Such Report

all of which the parties believe might contain information of a privileged, confidential,

private or sensitive nature, by affixing to such document or writing a legend, such as

1

"Confidential."  "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect.  These categories of documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation.  The parties may also designate deposition testimony, or portions thereof, which fall within these categories as Confidential Information.

2.     Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

3.     Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

(a)     Parties to the litigation, counsel for the parties, and experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

(b)     Such other parties as may be agreed by written stipulation among the parties hereto.

4.     Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a) or 3(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

"I understand that I am being given access to Confidential
Information pursuant to the foregoing stipulation and order.
I have read the Order and agree to be bound by its terms
with respect to the handling, use and disclosure of such
Confidential Information.
Dated: _____/s/_____"

5.     Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof shall be returned to the party

2

1  who disclosed the documents or destroyed, except as to Court personnel.

2       6.    If any party who receives Confidential Information receives a subpoena or

3  other request seeking Confidential Information, he, she or it shall immediately give

4  written notice to the **designating** party's counsel, identifying the Confidential

5  Information sought and the time in which production or other disclosure is required, and

6  shall object to the request or subpoena on the grounds of this stipulation so as to afford

7  the **designating** party an opportunity to obtain an order barring production or other

8  disclosure, or to otherwise respond to the subpoena or other request for production or

9  disclosure of Confidential Material.  Other than objecting on the grounds of this

10  stipulation, no party shall be obligated to seek an order barring production of

11  Confidential Information.  However, **absent a Court order to the contrary**, in no event

12  should production or disclosure be made without written notice to **the designating**

13  party's counsel after serving written notice to the party's counsel.

14       7.    Any pleadings, motions, briefs, declarations, stipulations, exhibits or other

15  written submissions to the Court in this litigation which contain, reflect, incorporate or

16  refer to Confidential Information shall be filed and accompanied by an application

17  pursuant to Local Rule 79-5.1, to file the papers - or the confidential portion(s) thereof -

18  under seal.  Such application shall be directed to the judge to whom the papers are

19  directed.  Pending the ruling on the application, the papers or portions thereof subject to

20  the sealing application shall be lodged under seal.

21       8.    Counsel for the parties hereto agree to request that any motions, applications

22  or other pre-trial proceedings which could entail the discussion or disclosure of

23  Confidential Information be heard by the Court outside the presence of the jury, unless

24  having heard from counsel, the Court orders otherwise.  Counsel for the parties further

25  agree to request that, during any portion of the trial of this action which could entail the

26  discussion or disclosure of Confidential Information, access to the courtroom be limited

27  to parties, their counsel and other designated representative, experts or consultants who

28  agree to be bound by this stipulation, and court personnel, unless having heard from

counsel, the Court orders otherwise.

9.      Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.  In the event of a dispute regarding the designation of confidential information, the parties shall follow the procedure set forth in Local Rule 37 for obtaining a decision from the Court.

10.     GOOD CAUSE STATEMENT.  The parties believe that the Confidential Information specified in Paragraph 1, above, are described with sufficient particularity to comply with Ninth Circuit standards for protective orders.

The parties further believe that disclosure of documents designated in categories listed in Paragraph 1[A] would subject police officers to unnecessary harassment, violate police officers' right to privacy, and put the lives and livelihood of the police officers' and their families at risk of imminent harm.

11.     This protective order is to be effective on the date the order is signed by the Court.

12.     This Protective Order survives settlement, trial and/or appeal.

***IT IS SO ORDERED.***

DATED: April 23, 2014

                                            / s /
_____
**HONORABLE ALKA SAGAR**
**UNITED STATES MAGISTRATE JUDGE**

4